UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICITAS DEL CARMEN VILLANUEVA
GARNICA,

                Plaintiff,

- against -

MALU CUSTER EDWARDS aka MALU
HURLEY and MICHAEL HURLEY aka
MICKY HURLEY,

                Defendants.

Index No. 13–Civ–3943 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CONSENTED-TO MOTION FOR A PROTECTIVE ORDER**

BECKER, GLYNN, MUFFLY, CHASSIN AND HOSINSKI LLP
299 PARK AVENUE
NEW YORK, NEW YORK 10171
(212) 888-3033

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

    I.    LEGAL STANDARD ................................................................................................ 3

    II.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' CONTACT INFORMATION FROM DISCLOSURE BECAUSE DEFENDANTS HAVE BEEN SUBJECTED TO HATE MAIL AND DEATH THREATS AS A RESULT OF THIS LITIGATION ................................................................................................. 4

    III.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' FINANCIAL INFORMATION .................................................................................. 5

    IV.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING INFORMATION CONCERNING THE FINANCIAL STATUS OF HURLEY'S COMPANY, A NON-PARTY TO THIS LITIGATION .................................................................... 6

    V.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING THE PERSONAL INFORMATION OF NON-PARTIES ................................................................................ 7

CONCLUSION ........................................................................................................................... 7

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

    I.    LEGAL STANDARD ................................................................................................ 3

    II.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' CONTACT INFORMATION FROM DISCLOSURE BECAUSE DEFENDANTS HAVE BEEN SUBJECTED TO HATE MAIL AND DEATH THREATS AS A RESULT OF THIS LITIGATION ................................................................................................. 4

    III.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' FINANCIAL INFORMATION .................................................................................. 5

    IV.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING INFORMATION CONCERNING THE FINANCIAL STATUS OF HURLEY'S COMPANY, A NON-PARTY TO THIS LITIGATION .................................................................... 6

    V.    GOOD CAUSE EXISTS FOR AN ORDER PROTECTING THE PERSONAL INFORMATION OF NON-PARTIES ................................................................................ 7

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

*Burgess v. Town of Wallingford*,
  2012 WL 4344194 (D. Conn. Sept. 21, 2012) .......................................................................... 5

*Byrnes v. Empire Blue Cross Blue Shield*,
  2000 WL 60221 (S.D.N.Y. Jan. 25, 2000) .............................................................................. 4

*Duling v. Gristedes Operating Corp.*,
  266 F.R.D. 66 (S.D.N.Y. 2010) ................................................................................................ 3

*Flaherty v. Seroussi*,
  209 F.R.D. 300 (N.D.N.Y. 2002) ......................................................................................... 3, 5

*In re Terrorist Attacks on Sept. 11, 2011*,
  454 F. Supp. 2d 220 (S.D.N.Y. 2006) ...................................................................................... 3

*Pitsiladi v. Guerrero*,
  2008 WL 5454234 (S.D.N.Y. Dec. 30, 2008) ......................................................................... 5

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ............................................................................................. passim

**Other Authorities**

FED. R. CIV. P. 26(c) ...................................................................................................................... 3, 6

FED. R. CIV. P. 26(c)(1) ..................................................................................................................... 3

FED. R. CIV. P. 30(c) .......................................................................................................................... 5

Defendants Malu Custer Edwards ("Edwards") and Michael Hurley ("Hurley") (together, the "Hurleys" or "Defendants") submit this memorandum of law in support of their consented-to motion for a protective order. The consented-to motion is supported by the Declaration of William Newman ("Decl."). Plaintiff does not oppose this motion. *See* Decl. ¶ 2.

## PRELIMINARY STATEMENT

This litigation concerns the private life of a family with young children and the nanny who used to work for them. It has also attracted significant media attention, subjecting the Hurleys to hate mail vilifying them and their children, and even to death threats.

In the process of discovery, the Hurleys have produced personal details concerning themselves and other non-parties. Plaintiff and the Hurleys (together, the "Parties") have agreed upon a Proposed Protective Order which would protect these personal details from becoming public.

## STATEMENT OF FACTS[1]

The Parties entered into an agreement concerning the production and use of confidential information in this litigation on November 12, 2013 (the "Confidentiality Agreement"). Decl. Ex. A at 3. Materials designated as confidential by letter within two weeks of production, or documents identified by counsel as confidential, are considered "Confidential Information" pursuant to the Confidentiality Agreement and may only be disclosed to limited persons in limited circumstances. *Id.* ¶¶ 2-3, 9-10. Objections to a confidentiality designation are deemed waived if not asserted within one week of the confidentiality designation. *Id.* ¶ 7.

---

[1] The facts concerning Plaintiff's eight-week employment with the Hurleys in the United States are set forth at length in Defendants' memorandum of law in support of summary judgment and will not be repeated here.

Pursuant to the Confidentiality Agreement, Defendants timely designated a number of documents as confidential, including emails from Edwards and the Hurleys' children's report cards. Plaintiff's counsel did not object to the designations.

Edwards's deposition took place on December 18 and 19, 2013. Decl. Ex. B. Pursuant to the Confidentiality Agreement, Defendants identified Edwards's deposition transcript as Confidential Information by letter dated January 3, 2014, which was less than two weeks after the production of the transcript of her deposition. *Id*. Ex. C. Hurley's deposition took place on January 10 and 11, 2014. *Id.* Ex. D. Pursuant to the Confidentiality Agreement, Defendants identified Hurley's deposition transcript as Confidential Information by letter dated January 23, 2014, which was less than two weeks after the production of the transcript of his deposition. *Id.* Ex. E.

On March 25, 2014, Plaintiff consented to a proposed protective order (the "Proposed Protective Order"). *Id*. Exs. F and G. The Proposed Protective Order does not seek to protect all of the information that was designated confidential pursuant to the Confidentiality Agreement. Instead, it is narrowly tailored to cover only information whose disclosure would injure the one or more of the Parties or non-parties. It protects the following information (the "Personal Information"):

    (i)    any personal contact information, including current addresses, telephone numbers and email addresses (the "Contact Information") of any of the Parties, and the Contact Information for any other natural persons revealed during discovery;

    (ii)    any personal financial information of the Defendants, including their bank account balances, debts, sources of income and financial support, and the amount Defendants currently pay for their rent (the "Financial Information");

    (iii)    the identity of any current and past clients of Hurley & Company;

    (iv)    any information concerning property owned by Defendants' relatives;

(v)     any information contained on the report cards of Defendants' children; and

(vi)    the amount Plaintiff currently pays for her rent.

*Id.* Ex. F. at ¶ 1.

## ARGUMENT

### I. LEGAL STANDARD

FED. R. CIV. P. 26(c) ("Rule 26(c)") authorizes the Court, "for good cause," to issue an order protecting a party from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense". FED. R. CIV. P. 26(c)(1). Protective orders can take "a variety of forms" to fit the circumstances of the case. *Duling v. Gristedes Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1047-48 (2d Cir. 1995) (sealing reports filed with the court from public view). Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury. *In re Terrorist Attacks on Sept. 11, 2011*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quotations omitted); *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002) (granting individual defendants a protective order governing their medical, financial and educational records, as well as "other inherently private information"). A sufficiently "specific and serious injury" includes injury to the "privacy interest" of a party or nonparty. *Amodeo*, 71 F.3d at 1050-51 (noting the "privacy interest of innocent third parties" "should weigh heavily in a court's balancing equation"). The "[f]inancial records of a wholly owned business" "family affairs" and "similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051.

Although the party seeking a protective order bears the burden of establishing that good cause exists, the court "ultimately weighs the interests of both sides," as well as the public, in "fashioning" the order. *Duling*, 266 F.R.D. at 71 (citations omitted); *Amodeo*, 71 F.3d at 1050-

3

51; *Byrnes v. Empire Blue Cross Blue Shield*, 2000 WL 60221, at *1 (S.D.N.Y. Jan. 25, 2000) (the Court must weigh the "recognized federal common-law interest of the public in access to court proceedings"). Although the public has a presumptive right of access to "judicial documents," *i.e.*, items filed with the court that are relevant and useful to the performance of the judicial function, documents exchanged in discovery which "play no role" in the Court's performance of its Article III functions lie "entirely" beyond the presumption's reach. *Amodeo*, 71 F.3d at 1050; *Byrnes*, 2000 WL 60221, at *1 ("the public interest in access to discovery materials is recognized as generally of a limited order").

## II.     GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' CONTACT INFORMATION FROM DISCLOSURE BECAUSE DEFENDANTS HAVE BEEN SUBJECTED TO HATE MAIL AND DEATH THREATS AS A RESULT OF THIS LITIGATION

Good cause exists for the Court to issue an order pursuant to Rule 26(c) to prevent the public disclosure of the Personal Information because Defendants have been subject to voluminous hate mail and death threats as a result of this litigation.

Plaintiff filed the Complaint on June 10, 2013. Decl. Ex. H. Plaintiff's story went viral online approximately one week later; her claims – repeated in interviews she gave to the press – made the front page of news publications in both New York and Santiago, Chile. Decl. Ex. I. After Plaintiff's allegations were publicized, the Hurleys were subjected to "somewhere between fifty and a hundred" pieces of hate mail, including death threats and threats of violence from individuals who believed Defendants had "starved and locked up" Plaintiff. Decl. Ex. B.[2]

The public disclosure of the Contact Information will provide the public yet another avenue with which to torment the Hurleys and their children and place their safety in jeopardy—a "specific and serious injury" that requires the issuance of a protective order mandating that

---

[2] Plaintiff has since withdrawn her allegation that she was locked in a room by Defendants. *See* Decl. Ex. J.

such information be redacted from any judicial filings and otherwise accessible only to the limited group of individuals set forth in the proposed protective order.  S*ee Burgess v. Town of Wallingford*, 2012 WL 4344194, at *11 (D. Conn. Sept. 21, 2012) (granting motion for a protective order and ordering the redaction of deponents' personal information—addresses and phone numbers—from deposition transcripts published on the internet); *See also Pitsiladi v. Guerrero*, 2008 WL 5454234, at *3 (S.D.N.Y. Dec. 30, 2008).

And there is no countervailing public interest weighing in favor of disclosure.  The Hurleys only provided Personal Information in a limited manner via (i) documents responsive to certain of Plaintiff's discovery requests, and (ii) Defendants' deposition testimony.  As their Personal Information has thus been provided "only as the subject of discovery," rather than as a basis upon which the Court could render a decision, the public here is not entitled to a presumptive right of access to the Contact Information because it is neither "relevant" nor "useful" to any issue concerning Plaintiff's claims.  *Amodeo*, 71 F.3d at 1049.

### III.     GOOD CAUSE EXISTS FOR AN ORDER PROTECTING DEFENDANTS' FINANCIAL INFORMATION

Good cause exists for an order protecting the Hurleys' Financial Information from public disclosure because such information is "inherently private." *Flaherty*, 209 F.R.D. at 304.  The Hurleys provided their Financial Information in response to specific requests during their depositions—which, under the Federal Rules, they could not refuse to answer.  *See* FED. R. CIV. P. 30(c) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege to enforce a limitation ordered by the court, or to present a motion to [terminate or limit the deposition.]"); Decl. ¶ 13.  And like the other aspects of the Personal Information, the financial information is neither "relevant" nor "useful" to any issue this Court may be required to adjudicate.  *Amodeo*, 71 F.3d at 1050-51.

5

## IV. GOOD CAUSE EXISTS FOR AN ORDER PROTECTING INFORMATION CONCERNING THE FINANCIAL STATUS OF HURLEY'S COMPANY, A NON-PARTY TO THIS LITIGATION

During Defendants' depositions, Plaintiff's counsel asked Edwards and Hurley multiple questions concerning Hurley & Company, Hurley's Chilean company. In response, Defendants provided testimony concerning Hurley & Company's current and past clients, as well as its current volume of business. Decl. ¶ 14.

But courts have determined that the balance of interests concerning "[f]inancial records of a wholly owned business" weighs against public access. *Amodeo*, 71 F.3d at 1051. Exposing Hurley & Company's clients to the negative publicity surrounding Plaintiff's allegations is unfair and harmful to those clients. And disclosing any decline in Hurley & Company's current volume of business is "embarrassing" private information and will likely damage Hurley & Company's ability to sign new clients. *See* FED. R. CIV. P. 26(c) (protective orders may be issued to protect embarrassing information).

There are no competing interests which weigh against protecting information concerning Hurley & Company from public disclosure. Hurley's company has no involvement in this case. *See generally* Decl. Ex. H. Indeed, Hurley & Company is only referenced once in Plaintiff's entire Complaint, in an introductory paragraph concerning Hurley's job. *Id.* at ¶ 22. And Plaintiff did not once reference Hurley & Company in her deposition testimony. Decl. ¶ 15.

## V.  GOOD CAUSE EXISTS FOR AN ORDER PROTECTING THE PERSONAL INFORMATION OF NON-PARTIES

The "privacy interests of innocent third parties" weighs "heavily" in a court's determination of whether certain information should be deemed confidential. *Amodeo*, 71 F.3d at 1050-51. The Hurleys' young children (an infant, as well as three children aged 3, 5 and 7 at the time of the events alleged in the Complaint) and other family members are not parties to this litigation. *See* Decl. Ex. I, generally. Defendants' extended family members' properties and Defendants' children's report cards are neither "relevant" nor "useful" to any issue this Court may be required to adjudicate. *Amodeo*, 71 F.3d at 1050-51. The Court should therefore issue an order protecting the personal information of non-parties – *i.e.*, categories (iv) and (v) of the Proposed Protective Order.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for a protective order, to which Plaintiff has already consented.

Dated: New York, New York
       March 31, 2014

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN
& HOSINSKI LLP

By: _____
Robin L. Alperstein
William H. Newman
Michelle R. Mufich
299 Park Avenue
New York, NY 10171

*Attorneys for defendants Malu Custer Edwards and Michael Hurley*