UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICITAS DEL CARMEN VILLANUEVA GARNICA,

                              Plaintiff,

         - against -

MALU CUSTER EDWARDS aka MALU HURLEY and MICHAEL HURLEY aka MICKY HURLEY,

                            Defendants.

Index No. 13–Civ–3943 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR COSTS**

BECKER, GLYNN, MUFFLY, CHASSIN AND HOSINSKI LLP
299 PARK AVENUE
NEW YORK, NEW YORK 10171
(212) 888-3033

**INTRODUCTION**

Defendants Malu Custer Edwards and Michael Hurley (together, "Defendants") submit this memorandum of law in support of their motion for costs pursuant to 28 U.S.C. § 1927 against Stoll, Glickman, and Bellina LLP ("Stoll Glickman"), counsel to Felicitas del Carmen Villanueva Garnica ("Plaintiff"). The motion is supported by the Declaration of William H. Newman, dated February 24, 2015 ("Newman Decl.").

**PRELIMINARY STATEMENT**

On June 10, 2013, Stoll Glickman filed a complaint (the "Complaint") on behalf of the Plaintiff which contained several inflammatory and false allegations. The Complaint's worst allegations went viral across the globe, turning the Defendants into outcasts and subjecting them and their young children to multiple threats, including death threats. For over a year, Stoll Glickman was aware that the Plaintiff's allegations were false, but did not amend the Complaint or formally withdraw the allegations.

This Court granted the Defendants summary judgment and awarded them costs, noting in particular that Stoll Glickman's persistence in not correcting the Plaintiff's knowingly false allegations had unreasonably increased the cost of litigation. Notwithstanding the Court's order, Stoll Glickman refuses to pay the Defendants' costs, claiming immunity from the consequences of its own conduct.

The Defendants now ask the Court to order Stoll Glickman to pay the costs that have already been awarded.

## STATEMENT OF FACTS

A.    Stoll Glickman Files the Complaint

On June 10, 2013, Stoll Glickman filed the Complaint. Newman Decl. Ex. A. It alleged, among other things, that the Defendants locked the Plaintiff in a room against her will, that Defendants had subjected the Plaintiff to physical restraint and threats of violence or physical restraint, that the Defendants procured a fake passport to smuggle her into the United States, that the Defendants confiscated the Plaintiff's passport from her so that she did not have access to it while she worked for them in the United States, that the Defendants starved the Plaintiff, and that the Plaintiff was prevented from leaving the Defendants' apartment and kept isolated from contact with others (collectively, the "False Allegations"). *Id.* at ¶¶ 1, 18-19, 38, 41, 45, 86, 90-91, 103, 115, 146-47, 170, 178, 188, 193, 204.

The False Allegations were heavily reported in the press. Newman Decl. ¶ 3. As a result of them, the Defendants and their young children were subjected to multiple threats of violence, including death threats. *Id.*

B.    Stoll Glickman Learns the Allegations Are Not True but Does Not Withdraw the Allegations

Stoll Glickman became aware that at least some of these allegations were not true prior to October 13, 2013. *See, e.g.,* Newman Decl. Ex. B, ¶ 4 (Stoll Glickman had known "for months" that the Plaintiff had not been locked in a bedroom). At her deposition, conducted on various dates in November and December 2014, the Plaintiff confirmed that none of the False Allegations were true. *Id*. Ex. C. Nonetheless, after Stoll Glickman learned of the falsity of the False Allegations, it neither amended the Plaintiff's Complaint nor withdrew the False Allegations. *Id*. ¶ 6.

C.   The Court Grants the Defendants Summary Judgment and Awards Costs

Because the Plaintiff and her counsel did not withdraw the False Allegations, the Defendants moved for summary judgment on February 28, 2014.  On December 9, 2014, ruling from the bench, this Court granted the Defendants' motion for summary judgment and awarded them their costs.  Newman Decl. Ex. D, Tr. 33:12-15; *see also Garnica v. Edwards,* 2014 U.S. Dist. LEXIS 177170, at *14 (S.D.N.Y. Dec. 11, 2014).  In particular, the Court admonished Stoll Glickman that its conduct in the litigation had caused "expense and bother and prejudice" to the defense, noting that Stoll Glickman had failed to withdraw the False Allegations or amend the Complaint.  Newman Decl. Ex. D., Tr. 33:16-24.

D.   The Clerk of the Court Approves The Defendants' Bill of Costs but Stoll Glickman Refuses to Pay

The Defendants submitted a Bill of Costs to the Clerk of the Court.  Newman Decl. Ex. E.  Stoll Glickman offered no objections to the Bill of Costs, and it was approved on February 9, 2015.  *Id.*  Subsequently, Stoll Glickman informed the Defendants that neither the Plaintiff nor Stoll Glickman intended on paying the Defendants' costs.  *Id*. ¶ 9.

## ARGUMENT

**STOLL GLICKMAN UNREASONABLY CAUSED EXCESS COSTS TO BE INCURRED BY THE DEFENDANTS.**

Pursuant to 28 U.S.C. § 1927, attorneys are held personally liable for excessive costs incurred in a litigation which they unreasonably and vexatiously incur.  This Court has already recognized that, by not withdrawing the False Allegations when it knew that they were false, Stoll Glickman caused "expense and bother and prejudice" to the defense.  Newman Decl. Ex. D., Tr. 33:16-24.  This Court has already awarded the Defendants' their costs.  The Court should hold Stoll Glickman responsible for those costs.  *See, e.g.*, *Levine v. FDIC*, 2 F.3d 476, 478-479 (2d

3

Cir. 1993) (upholding sanctions against law firm under 28 U.S.C. § 1927 where law firm persisted in litigation after it learned the falsity of its client's allegations); *Gollomp v. Spitzer*, 568 F.3d 355, 364; 373-74 (2d Cir. 2009) (upholding costs pursuant to § 1927 when law firm persisted in litigation when it had "ample opportunity" to withdraw what it should have known were "unfounded claims" but did not do so).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully requests that Stoll Glickman be ordered to pay the costs the Court awarded on December 9, 2014, and that were approved on February 9, 2015.

Dated: New York, New York
February 24, 2015

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

By: _____
Robin L. Alperstein
William H. Newman
Michelle R. DeMason
299 Park Ave.
New York, New York 10171
(212) 888-3033
ralperstein@beckerglynn.com
wnewman@beckerglynn.com
mdemason@beckerglynn.com

*Attorneys for the Defendants*