UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICITAS DEL CARMEN VILLANUEVA
GARNICA,

                          Plaintiff,

      - against -

MALU CUSTER EDWARDS aka MALU
HURLEY and MICHAEL HURLEY aka
MICKY HURLEY,

                         Defendants.

Index No. 13–Civ–3943 (AKH)

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR COSTS

ROBIN L. ALPERSTEIN, ESQ.
WILLIAM H. NEWMAN, ESQ.
MICHELLE R. DEMASON, ESQ.

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 PARK AVENUE
NEW YORK, NEW YORK 10171
(212) 888-3033

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

       A.      Stoll Glickman Files the Complaint ............................................................... 2

       B.      Stoll Glickman Proposes an Amended Complaint Which Still Contains Allegations it Knew or Should Have Known to Be False .............................. 2

       C.      The Court Grants the Defendants Summary Judgment and Awards Costs ...... 4

       D.      The Clerk of the Court Approves The Defendants' Bill of Costs but Stoll Glickman Refuses to Pay ................................................................................ 5

       E.      Stoll Glickman's Work Was Not Limited to Individual Lawyers .................... 5

ARGUMENT ................................................................................................................................ 6

       I.      STOLL GLICKMAN HAS NOT PROVIDED ANY VALID REASON WHY THE COURT'S AWARD OF COSTS SHOULD BE IGNORED .................. 6

       II.     STOLL GLICKMAN HAS NOT PROVIDED ANY VALID REASON WHY THE AMOUNT OF COSTS TAXED SHOULD BE SET ASIDE .................. 8

       III.    LAW FIRMS ARE NOT IMMUNE FROM PAYING COSTS UNDER ANY STATUTORY OR INHERENT AUTHORITY TO AWARD THEM .......... 10

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**
*Enmon v. Prospect Capital Corp.*,
    675 F.3d 138 (2d Cir. 2012) .................................................................................... 10, 11

*Garnica v. Edwards,*
    2014 U.S. Dist. LEXIS 177170 (S.D.N.Y. Dec. 11, 2014) ......................................... 1, 4, 6, 9

*Gollomp v. Spitzer*,
    568 F.3d 355 (2d Cir. 2009) ........................................................................................ 9

*Levine v. FDIC*,
    2 F.3d 476 (2d Cir. 1993) ........................................................................................ 9, 11

*New Amsterdam Capital Partners, LLC v. Wilson*,
    2015 U.S. Dist. LEXIS 31252 (S.D.N.Y. Mar. 13, 2015) ........................................................ 8

*Universitas Educ., LLC v. Nova Grp.*,
    2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013) ..................................................... 10

**Statutes**
28 U.S.C. § 1927 ............................................................................................... *passim*

**Rules**
Fed. R. Civ. P. 11 .............................................................................................. *passim*

Local Civil Rule 6.3 ..................................................................................................... 6

## INTRODUCTION

Defendants Malu Custer Edwards and Michael Hurley (together, "Defendants") submit this memorandum of law in further support of their motion for costs (the "Motion") against Stoll, Glickman, and Bellina LLP ("Stoll Glickman"), counsel to Felicitas del Carmen Villanueva Garnica ("Plaintiff"). This memorandum is supported by the Declaration of William H. Newman, dated April 1, 2015 ("Second Newman Decl.").

## PRELIMINARY STATEMENT

In opposition to the Motion, Stoll Glickman offers three arguments, none of which has merit. The opposition should be rejected and the Motion granted, for the following reasons:

**First**, Stoll Glickman's primary argument – that costs should not be awarded in this case – comes too late. This Court already decided the issue when it awarded costs to the Defendants on December 9, 2014.  Newman Decl.[1] Ex. D, Tr. 33:12-15; *see also Garnica v. Edwards,* 2014 U.S. Dist. LEXIS 177170, at *14 (S.D.N.Y. Dec. 11, 2014).  Stoll Glickman's belated attempt to dispute the merits of the Court's award of costs is nothing but an untimely bid for reconsideration, and should be rejected out of hand.

**Second,** Stoll Glickman cannot evade liability for costs by claiming that its stated intention to amend the Complaint is sufficient to establish that it acted in sufficient good faith. To the contrary, the record establishes that Stoll Glickman never actually proposed an amended complaint that omitted allegations it knew to be untrue; that the first amended complaint that Stoll Glickman did propose continued to include most of the False Allegations that the Plaintiff had repudiated; that Stoll Glickman's second proposed amended complaint was submitted one week before the Defendants' summary judgment motion was due and still contained False

---

[1] Capitalized terms have the same meaning as they had in the Defendant's primary memorandum.

Allegations; and that Stoll Glickman should have known that the allegations in the Complaint had been untrue all along. Accordingly, the award of costs is appropriate.

**Third**, Stoll Glickman's argument that the amount of costs is excessive fails because that issue, too, has already been decided: Stoll Glickman declined to submit any opposition to the Defendants' taxation of costs, which was filed on December 29, 2014. Without any opposition, the Clerk of the Court calculated the Defendants' costs at $49,375.45.

**Finally**, Stoll Glickman's argument that law firms are immune to awards of costs under the law of other Circuits ignores the binding precedent of this Circuit, which holds otherwise. Indeed, case law in this Circuit concerning Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent powers all establish that Stoll Glickman is not immune from the award of costs.

The Court was well-justified in awarding costs to the Defendants, and the Motion should be granted.

## STATEMENT OF FACTS

A.   Stoll Glickman Files the Complaint

On June 10, 2013, Stoll Glickman filed the Complaint. Newman Decl. Ex. A. As described in the Defendants' primary memorandum, the Complaint contained numerous inflammatory allegations (collectively, the "False Allegations") which were heavily reported in the press and which subjected the Defendants and their young children to multiple threats of violence, including death threats. *See e.g., id.* ¶¶ 1, 18-19, 38, 41, 43, 86, 90-91, 103, 115, 146-47, 170, 178, 188, 193, 204.

B.   Stoll Glickman Proposes an Amended Complaint Which Still Contains Allegations it Knew or Should Have Known to Be False

Stoll Glickman became aware that at least some of the False Allegations were not true months before informing the Defendants' counsel or seeking consent to amend the Complaint on

October 13, 2013.  *See, e.g.,* Newman Decl. Ex. B ¶ 4 (Stoll Glickman had known "for months" that the Plaintiff had not been locked in a bedroom); *see also* Declaration of Christopher Q. Davis, dated March 19, 2015 ("Davis Decl.") ¶¶ 12, 14-15; Declaration of Rachel Haskell, dated March 19, 2015 ¶¶ 12-16.  Thereafter, on November 21, 2013, the Defendants signed a stipulation with Stoll Glickman, consenting to the submission of a specific proposed amended complaint (the "Proposed Amended Complaint") that omitted the allegations that Plaintiff had been locked in a bedroom but contained the rest of the False Allegations included in the original Complaint.  Second Newman Decl. Ex. A; *compare, e.g.,* Ex. A at ¶¶ 43, 45 (alleging that defendants forged Plaintiff's passport and instructed her to lie to customs officials, allegations Plaintiff denied under oath) *with* Complaint at ¶¶ 41, 43 (alleging same).  Stoll Glickman never filed the Proposed Amended Complaint.

At her deposition, conducted on various dates beginning in late November and continuing into December 2014, the Plaintiff confirmed that none of the False Allegations were true.  *See, e.g.*, Newman Decl. Ex. C. 130:18-131:3; 237:6-11; 238:18-22; Second Newman Decl. Ex. B 158:11-159:6; 160:24-161:4.  Because the Plaintiff under oath had disavowed allegations that appeared in the Proposed Amended Complaint, the Defendants could no longer consent to the filing of the Proposed Amended Complaint.  Nor could Stoll Glickman have proceeded with filing the Proposed Amended Complaint consistent with Fed. R. Civ. P. 11 in light of those disavowals.  Accordingly, the Defendants informed Stoll Glickman that they were withdrawing their consent.

On January 17, 2014, nearly two months after the conclusion of the Plaintiff's deposition, the parties met before the Court at a status conference.  At that point, Stoll Glickman had done nothing to attempt to amend the Complaint.  At that conference, the Defendants stated their

intention to move for summary judgment to Stoll Glickman and to the Court. Stoll Glickman did not raise their intention to propose an additional amendment to the Complaint at that conference. The Court issued a briefing schedule for the Defendants' summary judgment motion, giving the Defendants approximately six weeks to submit their motion.

Approximately one week before the Defendants' summary judgment motion was due, Stoll Glickman attempted to file a new proposed amended complaint (the "Second Proposed Amended Complaint") by using the stipulation the Defendants had rescinded as a means of avoiding a motion to amend the Complaint. Second Newman Decl. Exs. C and D. Not only had the Defendants never been asked to consent to the filing of the Second Proposed Amended Complaint, but the Second Proposed Amended Complaint still contained the False Allegations. *Compare* Second Newman Decl. Ex. B 158:11-159:6; 160:24-161:4 (Plaintiff denies that she was ever told to lie to customs officials) *with* Ex. D at ¶ 46 (alleging that defendant Malu Custer Edwards instructed Plaintiff to lie to customs officials). The Defendants refused to consent to the Second Proposed Amended Complaint because it would prejudice their summary judgment motion, which they had already spent weeks preparing and was due in a matter of days, and because it still contained False Allegations.

On February 28, 2014, the Defendants filed their motion for summary judgment. As of that date, the Plaintiff had done nothing to formally withdraw all of the False Allegations, requiring the Defendants to address them in their motion.

    C.    <u>The Court Grants the Defendants Summary Judgment and Awards Costs</u>

On December 9, 2014, this Court granted the Defendants' motion for summary judgment and awarded them their costs. Newman Decl. Ex. D, Tr. 33:12-15; *see also Garnica v. Edwards*, 2014 U.S. Dist. LEXIS 177170 (S.D.N.Y. Dec. 11, 2014). In particular, the Court admonished

Stoll Glickman that its conduct in the litigation had caused "expense and bother and prejudice" to the defense, noting that Stoll Glickman had failed to withdraw the False Allegations or amend the Complaint.[2]  Newman Decl. Ex. D., Tr. 33:16-24.

> D. The Clerk of the Court Approves The Defendants' Bill of Costs but Stoll Glickman Refuses to Pay

The Defendants filed a Bill of Costs with the Clerk of the Court on December 29, 2014. Newman Decl. Ex. E.  Stoll Glickman had the opportunity to offer objections to the Bill of Costs, but declined to do so.  After carefully considering whether each category of costs sought by the Defendants were taxable, the Clerk approved the majority of the costs sought by the Defendants on February 9, 2015.  *Id.*

> E. Stoll Glickman's Work Was Not Limited to Individual Lawyers

In 2013, Stoll Glickman was a law firm comprised of 4 partners and between 3-4 associates.  Declaration of Andrew Stoll, dated March 24, 2015 ("Stoll Decl.") ¶¶ 5-6.  From the filing of the Complaint through the motion for summary judgment, at least two of the partners and one of the associates (Mr. Stoll, Mr. Davis, and Ms. Haskell, respectively) worked on this litigation.  *Id.* ¶¶ 36, 38.  In settlement negotiations, Mr. Davis represented that the decision to settle the case lay with the firm and not with him individually.  Second Newman Decl. ¶ 6.  After Mr. Davis left the firm, Mr. Stoll continued to represent the Plaintiff on behalf of Stoll Glickman. He represented to the Defendants' counsel that the Plaintiff was the firm's client and not Mr. Davis's.

---

[2] Stoll Glickman implies in its opposition that the defendants have hidden the Proposed Amended Complaint from the Court.  But the Proposed Amended Complaint, and emails from Stoll Glickman concerning it, were actually submitted by the Defendants as exhibits to the summary judgment motion pursuant to which the Court granted costs. *See* Declaration of William H. Newman, dated February 28, 2014, Exhs. D-G.

5

## ARGUMENT

### I. STOLL GLICKMAN HAS NOT PROVIDED ANY VALID REASON WHY THE COURT'S AWARD OF COSTS SHOULD BE IGNORED

This Court awarded costs to the Defendants on December 9, 2014.  Newman Decl. Ex. D, Tr. 33:12-15; *see also Garnica v. Edwards,* 2014 U.S. Dist. LEXIS 177170, at *14 (S.D.N.Y. Dec. 11, 2014).  Stoll Glickman does not address the Court's determination in its opposition to the Motion.  *See generally* Stoll Glickman's Memorandum of Law, dated March 15, 2015 ("SG Mem.").  Instead, Stoll Glickman argues that the Court should never have awarded costs at all.  This argument should be rejected for two reasons.

First, Stoll Glickman's attempt to ask the Court to reconsider its award of costs is untimely.  Stoll Glickman had 14 days after December 12, 2014 (the date the Court's Order was filed) to make a motion for reconsideration or re-argument.  Local Civil Rule 6.3.  It chose not to do so and offers no reason why it should be excused from that time limit.

Second, Stoll Glickman attempts to argue that its failure to comply with its ethical obligations was the Defendants' fault.  Stoll Glickman suggests that the Defendants refused to permit them to amend the Complaint, thereby perpetuating devastating allegations against them, for unspecified reasons.  Not only is this irrational, it is false.

Stoll Glickman sent the Proposed Amended Complaint to the Defendants on October 11, 2013.  The Defendants consented to its filing on November 21, 2013.  Second Newman Decl. Ex. A at 2.  But Stoll Glickman never filed it.

Instead, beginning on November 21, 2013 and continuing through December 11, 2013, the Plaintiff under oath denied many of the False Allegations that appeared in the Proposed Amended Complaint.  At that point, the Defendants could no longer consent to the filing of the

6

Proposed Amended Complaint because they knew that, in light of the Plaintiff's testimony disavowing the False Allegations, Stoll Glickman had no good faith basis for filing the Proposed Amended Complaint.

For months after that, Stoll Glickman never proposed or attempted to file a new proposed amended complaint containing only allegations for which it had a good faith basis. On January 17, 2014, the Defendants told the Court and Stoll Glickman at a status conference that it intended to move for summary judgment. Stoll Glickman remained silent about any potential amendment to the Complaint. But a week before the Defendants' summary judgment motion was due, Stoll Glickman attempted to submit the previously withdrawn stipulation to amend the Complaint, but intending to use the stipulation for a different proposed amended complaint (the Second Proposed Amended Complaint) than the one to which the Defendants had previously consented. Second Newman Decl. Ex. D. The Second Proposed Amended Complaint still contained False Allegations. *Compare* Second Newman Decl. Ex. B 158:11-159:6; 160:24-161:4 (Plaintiff denies that she was ever told to lie to customs officials) *with* Ex. D at ¶ 46. The Defendants refused to consent to the submission of the Second Proposed Amended Complaint a week before its summary judgment motion was due when it still contained allegations the Plaintiff had denied.

Stoll Glickman attempts to treat the Defendants' objection to the filing of the Proposed Amended Complaint as an objection to file any amended complaint that somehow relieved them of their obligation to withdraw baseless allegations. But Stoll Glickman had over a month to propose an amended complaint that did not contain any of the False Allegations before the status conference, and it could have raised the necessity for it to amend the Complaint at the status conference. Its failure to do either cannot be blamed on the Defendants. And even if the

7

Defendants had stated an objection to amending the Complaint at all, Stoll Glickman had an independent obligation to withdraw any unfounded allegations. *See, e.g., New Amsterdam Capital Partners, LLC v. Wilson*, 2015 U.S. Dist. LEXIS 31252, at *6-8 (S.D.N.Y. Mar. 13, 2015) (denying motion for leave to amend complaint because plaintiff had waited too long to make the amendment, in violation of its obligation to move to amend its complaint "as soon as the necessity for altering the pleading becomes apparent") (citation omitted). We have found no case law suggesting that Stoll Glickman's Rule 11 obligation to withdraw unfounded allegations is contingent upon the Defendants' consent.

Stoll Glickman cannot also claim that it needed months to discover the baselessness of the False Allegations. The Defendants did not need to undertake any fancy detective work to determine that Stoll Glickman lacked any basis to make False Allegations: merely asking the Plaintiff at her deposition if her passport photos were actually taken or if the Defendants had taken her passport from her in the United States was sufficient to elicit her denials of those False Allegations. *See, e.g.,* Newman Decl. Ex. C 130:18-131:3; 212:9-25. Stoll Glickman should have asked its client these questions before filing the Complaint and making the False Allegations.

Because Stoll Glickman's objection to the award of costs is untimely, based on a false recitation of the facts, and based on the premise that Stoll Glickman's failures were the Defendants' fault, it should be rejected.

### II. STOLL GLICKMAN HAS NOT PROVIDED ANY VALID REASON WHY THE AMOUNT OF COSTS TAXED SHOULD BE SET ASIDE

Stoll Glickman argues that, even if it had amended the Complaint, the Defendants' would not have saved the costs now sought through the Motion. This argument fails for two reasons.

8

**First**, the Defendants already submitted a Bill of Costs to the Clerk of the Court on December 29, 2014. Newman Decl. Ex. E. The time for Stoll Glickman to have objected to those costs was after the submission of the Bill of Costs and prior to its adoption by the Clerk of the Court on February 9, 2015. Stoll Glickman offered no objections to the Bill of Costs and failed to appear in Court to contest its adoption. *Id.* Stoll Glickman should not be permitted to waste the Court's time debating which costs should be reimbursed when it offers no excuse why it waived the opportunity it had to do so previously.

**Second**, Stoll Glickman is wrong when it states that the withdrawal of the False Allegations would not have saved the Defendants' costs of litigation. Case law in this Circuit has already established that Stoll Glickman's conduct warrants the award of costs.[3] *See* Memorandum of Law in Support of Defendants' Motion for Costs, dated February 24, 2015, at 3-4. But even so, had Stoll Glickman attempted to verify the False Allegations with its client, the False Allegations may never have appeared in the Complaint and warranted the discovery and motion practice necessary to elicit their denial and publicly vindicate the Defendants' innocence. Indeed, had Stoll Glickman amended the Complaint, the basis for their claims would have disappeared. Stoll Glickman argues that the Plaintiff's claims were colorable without the False Allegations, but as the Defendants established on summary judgment, the Plaintiff's remaining allegations were either without any evidentiary basis or were insufficient to support her claims. *See Garnica,* 2014 U.S. Dist. LEXIS 177170 at *1-2.

---

[3] Stoll Glickman's attempt to distinguish *Levine v. FDIC*, 2 F.3d 476 (2d Cir. 1993) as irrelevant to 28 U.S.C. § 1927 fails because the Court there explicitly affirmed the application for costs pursuant to, *inter alia*, 28 U.S.C. § 1927. *Id.* at. 478-479. Stoll Glickman's claim that *Gollomp v. Spitzer*, 568 F.3d 355 (2d Cir. 2009) is inapplicable likewise fails. Though Stoll Glickman suggests its claims were only without factual basis (whereas the award in *Gollomp* was based on an absence of legal basis) Stoll Glickman's claims were without legal basis as well – because without the False Allegations, the Plaintiff had no claims.

9

Stoll Glickman argues that it had communicated to the Defendants that it intended on not pursuing the False Allegations and thus the Defendants' did not need to expend costs defending against the False Allegations. SG Mem. at 2. Stoll Glickman misses the point: specifically because Stoll Glickman never formally withdrew the False Allegations (notwithstanding any private representation by Mr. Davis), the Defendants had to continually defend against them. Indeed, Stoll Glickman even refused to let go of the False Allegations entirely in their opposition to summary judgment. *See, e.g.,* Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, dated April 3, 2014 at 1 (citing psychological coercion as "Plaintiff's primary legal theory," but not sole legal theory). Because the Defendants could not risk the False Allegations succeeding in court, and because Stoll Glickman would neither embrace nor end the False Allegations, the Defendants were forced to defend against them.

Stoll Glickman had the opportunity to confirm or withdraw the False Allegations, but failed to do so. It had the opportunity to contest the Court's award of costs in a motion for reconsideration, but failed to do so. And it had the opportunity to contest the extent of the costs it caused to the Defendants, but failed to do so. It should not now be permitted to argue that it should be excused from the costs award that this Court has already made.

### III.    LAW FIRMS ARE NOT IMMUNE FROM PAYING COSTS UNDER ANY STATUTORY OR INHERENT AUTHORITY TO AWARD THEM

The Second Circuit has made clear that 28 U.S.C. § 1927 applies to law firms. *See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 148-49 (2d Cir. 2012) (affirming sanctions applied to a law firm pursuant to 28 U.S.C. § 1927). *See also Universitas Educ., LLC v. Nova Grp.*, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013) ("The Court of Appeals for the

Second Circuit has held that a court may sanction a law firm under Section 1927 if its conduct rises to bad faith") (citing *Enmon*).

Stoll Glickman ignores the clear precedent of the Second Circuit, and instead argues that under the law of other Circuits, it would not be liable under 28 U.S.C. § 1927. But Stoll Glickman cites *Enmon* in its brief, so it must be aware of its binding precedent that 28 U.S.C. § 1927 applies to law firms such as Stoll Glickman. SG Mem. at 4.

In a last ditch effort to avoid responsibility, Stoll Glickman attempts to pass the blame for its conduct onto its former employees (and Mr. Davis attempts to pass the blame onto his associate). *Id.* at 9-10; Davis Decl. ¶¶ 25-26. But the Court should not make a distinction between Stoll Glickman and Mr. Stoll, Mr. Davis, and Ms. Haskell. During the litigation, Mr. Stoll and Mr. Davis comprised half of Stoll Glickman's partnership. Stoll Decl. ¶¶ 5-6. Together with Ms. Haskell, they were approximately half of the attorneys at the firm. *Id.* Mr. Davis represented to the Defendants that other partners besides himself were involved in decision-making concerning the case and, when Mr. Davis and Ms. Haskell left Stoll Glickman, the case remained with the firm and did not follow them as unaffiliated individuals. Indeed, Mr. Stoll represented to the Defendants that the Plaintiff was his client and, after reviewing the summary judgment papers – which included a discussion about the False Allegations – continued to prosecute this action rather than withdrawing it or seeking to amend the complaint.

But if ultimately the Court concludes that 28 U.S.C. § 1927 is inapplicable to Stoll Glickman, it should nevertheless exercise its inherent authority or its authority pursuant to Fed. R. Civ. P. 11 to enforce the award of costs it has already made. *See, e.g., Levine v. FDIC*, 2 F.3d 476, 478-79 (2d Cir. 1993) (upholding sanctions pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P.

11

11, and the Court's inherent power because of counsel's assertion of baseless factual allegations).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that Stoll Glickman be ordered to pay the costs the Court awarded on December 9, 2014, and that were approved by the Clerk without opposition on February 9, 2015.

Dated: New York, New York
April 1, 2015

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

By: _____
Robin L. Alperstein
William H. Newman
Michelle R. DeMason
299 Park Ave.
New York, New York 10171
(212) 888-3033
ralperstein@beckerglynn.com
wnewman@beckerglynn.com
mdemason@beckerglynn.com

*Attorneys for the Defendants*

12