```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
FELICITAS DEL CARMEN VILLANUEVA
GARNICA ,

                         Plaintiff,

-against-

MALU CUSTER EDWARDS a/k/a MALU
HURLEY and MICHAEL HURLEY a/k/a MICKY
HURLEY

                        Defendants.

------------------------------------------------------------- X

**ORDER GRANTING MOTION AGAINST PLAINTIFF'S LAW FIRM FOR COSTS**

13 Civ. 3943 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On June 10, 2013, Plaintiff, represented by the law firm Stoll, Glickman, & Bellina ("SGB"), LLP, filed a complaint in this Court alleging that Defendants fraudulently induced Plaintiff to move from Chile to New York to work as a nanny and then subjected her to involuntary servitude by depriving her of food and medical care, restricting her movements, allowing their children to physically abuse her, and subjecting her to other forms of coercion. At the conclusion of discovery, Defendants moved for summary judgment, which I granted, finding that Plaintiff's testimony was replete with inconsistencies and that no reasonable juror could find in her favor. I also admonished Plaintiff's counsel for failing to amend the complaint to withdraw untenable claims unreasonably prolonging the proceedings once the extent of Plaintiff's fabrication became apparent, and I imposed costs on Plaintiff's counsel jointly with Plaintiff.[1] Defendant filed the instant motion on February 25, 2015 to recover those costs after Plaintiff's

---

[1] At the December 9, 2014 hearing, I explained that "the plaintiff's complaint will be dismissed with prejudice and with costs. I am seriously bothered, as I said before, by the continuation of false allegations. A complaint is supposed to last for the case. If the facts are not as a plaintiff's lawyer reasonably thinks when he drafts the complaint, under Rule 11, the plaintiff's lawyer must change that and make it clear to everyone that these allegations, if possibly true at the outset, are no longer true. That hasn't been done, and expense and bother and prejudice has been caused to the defense." *Felicitas del Carmen Villanueva Garnica v. Malu Custer Edwards, et al.*, 13-cv-3943, Transcript of Dec. 9, 2014 Hearing (Doc. No. 38), at 33.

Counsel refused to pay the Bill of Costs approved by the Clerk of the Court on February 9, 2015. Having reviewed the complaint, the summary judgment motion, and the instant motion, I see no reason to revisit my prior decision awarding costs to Defendants.

On the record, I referenced Rule 11, but Rule 11 only applies at the time a document is presented to the court and does not impose a continuing obligation on the presenter to subsequently correct or withdraw a false document. *See Oliveri v. Thompson*, 803 F.2d 1265, 1274-75 (2d Cir. 1986). However, SGB is obviously guilty of prolonging these proceedings and, although its memorandum of law in opposition to summary judgment was arguably an independent violation of Rule 11, *see Greenberg v. Hilton Int'l Co.*, 870 F.2d 926, 937 (2d Cir. 1989) ("An attorney cannot be sanctioned . . . provided that the attorney . . . did not subsequently restate the claim after learning that it was groundless"), 28 U.S.C. § 1927 is the more appropriate standard for this motion.

An attorney may be liable for excessive costs under § 1927 upon a "clear showing of bad faith." *Oliveri*, 803 F.2d at 1273. In this case, SGB showed bad faith by continuing to pursue unfounded claims on behalf of Plaintiff after learning that the factual allegations underlying them were unequivocally false. *See Gollomp v. Spitzer*, 568 F.3d 355 (2d Cir. 2009); *Levine v. FDIC*, 2 F.3d 476, 478-79 (2d Cir. 1993).

SGB argues that it did, in fact, intend to amend the complaint to reflect recently revealed inaccuracies in Plaintiff's testimony, and it was Defendant who did not consent to these amendments. However, Defendants' objections, on the grounds that the proposed amendments did not delete all of the contradicted assertions, cannot serve as an excuse for Plaintiff's failure. Plaintiff could have unilaterally filed a motion to amend at any time, but instead continued to prosecute all of her claims through the summary judgment stage. In the process, Plaintiff and her counsel wasted the time and resources of Defendants and this Court.

SGB also argues that there has been no showing that counsel "multiplied the proceedings," as § 1927 only provides for sanctions of *excess* costs. But the continued prosecution of the case, Plaintiff's opposition to Defendant's motion for summary judgment, and the Court's resolution of summary judgment all would have been unnecessary had Plaintiff's counsel taken appropriate remedial action sooner. Knowing that all the most serious factual allegations were false, there was no case left for them to pursue.

Finally, SGB argues that the conduct of the lawyers involved in the case should not be imputed to the firm because a law firm is not a person under § 1927. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010) ("28 U.S.C. § 1927 does not authorize the imposition of sanctions on law firms."); *Claiborne v. Wisdom*, 414 F.3d 715, 723 (7th Cir. 2005) ("It is too much of a stretch to say that a law firm could also be characterized as such a person."). But the Second Circuit has not adopted that rule, and I decline to follow it as well. *See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 148-49 (2d Cir. 2012) (upholding sanctions against a law firm under § 1927). Such a rule would effectively absolve the firm and its senior partners of their duty to supervise their associates. *See* N.Y. R. Prof'l Conduct 5.1(c) ("A law firm shall ensure that the work of partners and associates is adequately supervised, as appropriate."). SGB blames the misconduct on Christopher Davis, a former partner of the firm who was responsible for the case, but the firm cannot escape its own involvement and responsibility for the work of its lawyers.

I reaffirm the December 10, 2014 order awarding costs against Stoll Glickman and Bellina LLP. The Clerk shall mark the motion (Doc. No. 42) terminated.

SO ORDERED.

Dated: April 9, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3